IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER A. HALL | * | |
| Petitioner | * | |
| v | * | Civil Action No.  RWT-13-3143 |
| | * | Criminal Action No. AW-04-559 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

## **MEMORANDUM OPINION**

Pending is self-represented Petitioner Christopher A. Hall's Petition for a Writ of Audita Querela.  Petitioner requests that his conviction and sentence be vacated based on alleged trial court error and prosecutorial misconduct.

## BACKGROUND

On January 30, 2007, after a jury trial, Hall was found guilty of conspiracy to distribute and possess with intent to distribute controlled substances, use of a communications facility in furtherance of a narcotics offense, and possession with intent to distribute cocaine. ECF No. 416.  On April 13, 2007, Hall was sentenced to 300 months of imprisonment and five years of supervised release.  ECF No. 456.  On March 23, 2009, Hall filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence.  ECF No. 513.  The Court denied the Motion on July 29, 2010.  ECF No. 560.

## DISCUSSION

At common law, the writ of *audita querela* "permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." *United States v. Valdez-Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001)

(per curiam).  *Audita querela* was abolished in civil cases by the Federal Rules of Civil Procedure, but "potentially survives in the criminal context" under the All Writs Act, 28 U.S.C. § 1651.  *Valdez-Pacheco*, 237 F.3d at 1079.

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  "[It] is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.,* 474 U.S. 34, 43 (1985).  Thus, a "writ of *audita querela* is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under § 2255." *In re Moore*, 487 Fed. App'x 109, 109 (4th Cir. 2012).

Petitioner's prior lack of success in obtaining collateral relief under § 2255 does not alter this analysis. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs").  Accordingly, the Petition will be denied.

## CONCLUSION

For the foregoing reasons, this Court finds no grounds to grant the Writ.  This Petition will be denied by separate Order to follow.

<u>November 21, 2014</u>                                                              <u>         /s/         </u>
Date                                                                                                ROGER W. TITUS
                                                                                            UNITED STATES DISTRICT JUDGE